Ideal Concrete Products Co. vs. Kalman Meizel ⎰No.59468

March 27, 1926.

SUMNER, J. Plaintiff has brought suit to recover the balance due on a building contract entered into between plaintiff and defendant. The jury returned a verdict for the plaintiff in the sum of $1075 and defendant has filed his motion for a new trial.

Under the terms of the written contract entered into between the parties, the plaintiff was to receive the sum of $6275. He was paid the sum of $4500, leaving a balance due under the contract of $1775, and to this plaintiff adds certain extras amounting to $78.15 more, bringing his total claim up to $1853.15.

Plaintiff testified that he was held up early in the work by failure of the defendant to provide certain steel beams; that later in October defendant paid him with a check given by a third party which proved to be bad; that he then stopped work until the check was made good and that when he started to work again in December his employees were ordered out of the building. He admits that he did not perform all the things required of him by the contract. He did not remove an old wall, an estimated item of $50, nor take down an old chimney and erect a new one (not estimated); did not construct the two partition walls, an item of $150, nor do the stucco work, an item of $50; making a total of $250 to be deducted from the contract price.

His counsel, taking the figures from the plaintiff's estimate as above and from that of one Mulligan, who did certain work on the chimneys later for the defendant for $77, estimated that it would have required the sum of $327.80 to have properly completed the work required of the plaintiff, and adding to that amount $40, the cost of repairing one of the piers (claimed to be defective) by Mr. Mulligan, makes a total of $367.80, which deducted from the amount of $1853.15 leaves a balance due to the plaintiff, as he claimed, of $1485.35. There is, accordingly, a difference between the amount claimed by the plaintiff ($1485.35) and the amount awarded by the jury ($1075) of $410.35, to say nothing of the interest to which the plaintiff might be legally entitled. This sum, $410.35, was evidently allowed by the jury for defective work other than on the one pier referred to.

The questions at issue are complicated by the fact that in a revamping of an old and the erection of the new building, the defendant was to furnish all the lumber, erect all the staging and forms, and do the carpentry work; and, moreover, a clause was inserted that the plaintiff was not to

furnish any other materials or perform any other labor than was specifically set forth in the agreement; accordingly, during the trial, the question arose as to whether certain defects could properly be charged to the plaintiff. Among other things, the plaintiff was to level the northerly wall, removing the loose bricks, and then carry the wall up to a height of nine feet. The plaintiff claims that the defects alleged in this wall were largely due to the attempt to erect a concrete wall, or piers, on top of an old wall not properly fortified.

. Apparently there were plans and specifications for the work but neither side was able or willing to present them.

The witnesses differed materially as to the estimates of the cost of doing the balance of the work required of the plaintiff, and defendant also claimed that plaintiff did not build the piers properly, did not erect a parapet wall, and did not remove the dirt from the premises. Dowd, an expert witness for the defendant, estimated that it would cost some $1607 to do properly the various things required of the plaintiff, including putting in ten new piers. The item given by him of $470 as the cost of putting a brick parapet wall on the sides is disputed by the plaintiff, who says that the walls were completed to the height required.

On the basis of the figures offered by the plaintiff's attorney, the jury has cut the claim down some $410, besides and in view of all the testimony in the case the Court believes that the verdict is sustained by the evidence. The jury took a view of the premises and had whatever assistance a close observation of the work could give them. The defendant made the first two payments without apparently questioning the claim of the plaintiff that at that time the side walls were up to the roof.

Defendant's motion for a new trial is denied.

For plaintiff: Anthony V. Pettine.
For defendant: Baker & Spicer.